IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTEL ROCO, | § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:21-cv-2839-L |
| AMERICAN AIRLINES, INC., | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Defendant American Airlines, Inc. has filed a motion to transfer venue for the convenience of the parties and witnesses to the United States District Court for the Northern District of Texas, Fort Worth Division. *See* Dkt. No. 19. United States District Judge Sam A. Lindsay has referred the motion to the undersigned United States Magistrate Judge for hearing, if necessary, and determination. *See* Dkt. No. 21.

### Background

On July 29, 2016, Plaintiff Christel Roco was terminated from her employment at American Airlines, Inc. *See* Dkt. No. 1 at 5-6. She sued Defendant on November 15, 2021, for sex discrimination, national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See id.* Plaintiff lives in Dallas, Texas, which is in the Dallas Division. *See* Dkt. No. 13-2 at 1.

On December 15, 2021, Defendant answered and asserted affirmative defenses. *See* Dkt. No. 6. On January 25, 2022, Defendant moved to transfer the

-1-

action to the Fort Worth Division under 28 U.S.C. § 1404(a). Defendant's corporate office is in Fort Worth, Texas, which is in the Fort Worth Division. *See* Dkt. No. 11 at 3.

## Legal Standards

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the

litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, as noted above, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

**Analysis**

I.   <u>This case could have been brought in the Fort Worth Division.</u>

Plaintiff sues for employment discrimination under Title VII, which has a special venue provision:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a

district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Defendant's corporate headquarters and principal office are at 1 Skyview Drive, Fort Worth, Texas. *See* Dkt. No. 11 at 3. Prior to moving to that address, Defendant maintained its corporate headquarters at 4333 Amon Carter Boulevard, Fort Worth, Texas. Both locations are in Tarrant County, Texas. *See id*. Plaintiff worked primarily from her office in Tarrant County. *See* Dkt. No. 13-2 at 1. Plaintiff previously worked for Defendant's Global Reservations planning and operations group, which is located at Defendant's corporate office in Tarrant County. *See* Dkt. No. 11 at 3. Her primary duties as senior manager in Global Reservations were carried out at the Amon Carter address. *See id*. The decision to terminate Plaintiff and all activity associated with that decision, including any investigation, meetings and conferences, and follow-up investigations occurred at the Amon Carter address. *See* Dkt. No. 11 at 3. All decision-makers and officers making the decision to terminate Plaintiff's employment worked at the Amon Carter address. *See id*. All document-related evidence, including files, records, and policies pertinent to Plaintiff's claims are in Tarrant County. *See id*.

Plaintiff could have brought her Title VII claims in the Fort Worth Division because it is where (1) the unlawful employment practice is alleged to have been committed, (2) the relevant employment records are maintained and administered, and (3) Defendant has its principal office. *See* 42 U.S.C. § 2000e-5(f)(3).

II. <u>The Fort Worth Division is more convenient.</u>

The next consideration is "the convenience of the parties and witnesses."

-4-

*Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315. The Fifth Circuit has adopted the *forum non conveniens* private and public interest factors to determine the convenience of the parties and witnesses. *See Volkswagen II*, 545 F.3d at 314-15, n.9 (5th Cir. 2008); *see also Volkswagen I*, 371 F.3d at 203. These factors "are not necessarily exhaustive nor exclusive," however, and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 315.

### A. The private interest factors weigh in favor of transfer.

The private interest factors consist of: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.,* 454 U.S. 235, 241 n.6 (1981)).

#### 1. Relative Ease of Access to Sources of Proof

The first private interest factor, the relative ease of access to sources of proof, weighs in favor of transfer when evidence can be more readily accessed from the transferee district. *See Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *5 (E.D. Tex. June 7, 2011). Although increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous. *See Volkswagen II*, 545 F.3d at 316; *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *3 (N.D. Tex. Jan. 18, 2011). Courts still consider the physical location of the evidence. *See*

*Internet Machines LLC,* 2011 WL 2292961, at *5.

Here, Defendant provides a declaration attesting that its employment and business records are physically located in the Fort Worth Division. *See* Dkt. No. 11 at 3. This factor weighs in favor of transfer. *See Clark v. Am. Airlines, Inc.*, No. 3:19-cv-00097-L-BH, 2019 WL 3006545, at *2 (N.D. Tex. July 9, 2019).

### 2. Availability of Compulsory Process

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses. *Internet Machines*, 2011 WL 2292961, at *6 (citing *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)). A district court "may command a person to attend trial" by subpoena "within 100 miles of where the person resides, [or] is employed ..." FED. R. CIV. P. 45(c)(1)(A).

The Dallas Division is within 100 miles of the Fort Worth Division. And Plaintiff concedes that the witnesses are equally subject to subpoena in either division. *See* Dkt. No. 13 at 3. This factor is neutral. *See Davis v. MAHA Trading Inc.*, No. 3:05-cv-0832-M, 2006 WL 8437474, at * 2 (N.D. Tex. Apr. 10, 2006).

### 3. Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance of willing witnesses. *See Volkswagen I*, 371 F.3d at 203. "The Court must consider the convenience of both the party and non-party witnesses." *Vargas v. Seamar Divers Int'l, LLC,* No. 2:10-cv-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371

F.3d at 204). The convenience of non-party witnesses is accorded the greatest weight, however, while the convenience of employee witnesses of the party seeking transfer is given less weight because the party will be able to compel their testimony at trial. *See Moss*, 2011 WL 197624, at *5

This factor is neutral or slightly favors transfer. Defendant identifies four employee witnesses who may testify. They work in Fort Worth, Texas. The other potential witnesses identified by the parties reside outside of Texas and more than 100 miles from either the Dallas Division or Fort Worth Division. For willing witnesses, the cost of travel to Fort Worth or Dallas is relatively the same for out-of-state witnesses.

### 4. Other Practical Problems

The fourth private interest factor is a catch-all consideration that includes other issues that obstruct easy, expeditious, and inexpensive trials. *Allcapcorp, Ltd. Co. v. CHC Consulting*, No. 3:17-cv-0757-S-BH, 2019 WL 417995, at *7 (N.D. Tex. Jan. 10, 2019).

The parties have submitted a Rule 26(f) scheduling proposal, *see* Dkt. No. 9, but no scheduling order has been entered. Defendant served discovery requests on Plaintiff after the Motion to Transfer Venue was filed, which it would have done wherever the case is pending, and there have been no responses to those requests. *See* Dkt. No. 13 at 3, Dkt. No. 14 at 6-7. There would be no delay or prejudice to Plaintiff if the case were transferred to the Fort Worth Division at this stage of the proceedings and there do not appear to be any other issues that would weigh against transfer. This

factor is neutral.

### B. The public interest factors weigh in favor of transfer.

In addition to the private interest factors, courts must also consider the *forum non conveniens* public interest factors to see if they favor transfer. *See Volkswagen I*, 371 F.3d at 203. They include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of foreign law." *Id.*

The first, third, and fourth public interest factors are neutral. American seeks transfer of venue between divisions within the Northern District of Texas. Neither party makes an argument based on court congestion. The same law applies in the Dallas and Fort Worth Divisions, both divisions are equally familiar with governing law and no conflict of laws exists.

The second public interest factor, the local interest in having localized interests decided at home, favors transfer if "the events giving rise to this action occurred in [the transferee district/division]." *Volkswagen II*, 545 F.3d at 315. "This factor is based on the premise that jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Moss*, 2011 WL 197624, at *6 (N.D. Tex. Jan. 18, 2011) (quoting *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.,* No. 3:08-cv-816-G, 2009 WL 464953, at *5 (N.D. Tex. Feb. 24, 2009) (other citations omitted).

In a similar case, Judge Lindsay held that "[m]atters should be litigated in the

division where they occur, unless some good reason exists for them to be litigated elsewhere," and that, "[u]sually, a party seeks to try litigation where the events occurred, and frankly, unless good reasons otherwise exist, matters *should* be tried in the division where they occur." *Gurley v. Am. Airlines, Inc.*, No. 3:04-cv-1488-L, Dkt. No. 14 at 5 (N.D. Tex. Dec. 23, 2004) (order granting motion to transfer venue and transferring an American Airlines employment case from the Dallas Division to the Fort Worth Division because the events in question occurred in the Fort Worth Division).

Fort Worth has a localized interest in this matter. Plaintiff complains of alleged wrongdoing that occurred during her employment with Defendant in the Fort Worth Division. Every individual accused of the alleged wrongdoing was working in the Fort Worth Division at the time of the event, and the relevant documents are located there. And the outcome of the case will have a direct financial impact on a party located there.

The Dallas Division does not have a localized interest in this case. The only tie to the Dallas Division is Plaintiff's residence there. None of the potential witnesses who currently or formerly worked for Defendant worked in the Dallas Division. Plaintiff alleges that, although she worked primarily in her office in the Fort Worth Division, she also worked remotely from her home in Dallas. But there is no evidence showing how often she worked remotely or that her remote work was directed anywhere other than Defendant's offices in Tarrant County. In her response to the motion to transfer venue, she states that she was sponsored by Defendant to serve on

the Board of Directors of the Greater Dallas Asian American Chamber of Commerce, which is in Dallas, Texas, but there is no evidence that this service was related to or required by her job duties.

The second public interest factor factor weighs heavily in favor of transfer.

On balance, two factors weigh in favor of transfer, six factors are neutral, and none favor Plaintiff's chosen forum.

III. <u>Interest of Justice</u>

Analysis of the "convenience of parties and witnesses" does not end the transfer of venue inquiry. *See Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). The court should also consider the interest of justice under § 1404(a). *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Generally, where most of the witnesses and evidence in the case are closer to the transferee venue, and few or no convenience factors favoring the venue chosen by the plaintiff, a court should transfer the case. *See In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009). Here, because all the evidence and witnesses are closer to the Fort Worth Division, and no factors favor the Dallas Division, the interest of justice favors transfer.

IV. <u>Plaintiff's Choice of Forum.</u>

As the Court explained above, a plaintiff's choice of venue is not a separate factor in the transfer of venue analysis. *See Volkswagen II*, 545 F.3d at 314 n.10. Rather, it is "to be treated as a burden of proof question," and deference to plaintiff's choice of venue is reflected in the movant's burden to show good cause for the transfer. *Id*. The original forum selected by a plaintiff "should be respected" unless "the

transferee venue is clearly more convenient." *Volkswagen II*, 371 F.3d at 314 n. 10, 315.

Here, none of the events underlying the case occurred in the Dallas Division, and there appears to be no nexus to this division other than Plaintiff's residence.

Considering the convenience of the parties and witnesses and the interest of justice, Defendant has met its burden of showing that the Fort Worth Division is "clearly more convenient" than the Dallas Division. *Volkswagen I*, 545 F.3d at 315. Transfer of the action to that division is therefore appropriate.

## Conclusion

The Court GRANTS Defendant American Airlines, Inc.'s Motion to Transfer Venue for the Convenience of Parties and Witnesses [Dkt. No. 10] and ORDERS that this case be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division on March 21, 2022, to allow any party to file an objection to Judge Lindsay within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a). If an objection is filed, the order of transfer is stayed pending further order of the Court.

DATED: March 4, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE